Van Vorst, J.
That the plaintiff deposited the note with the Haskell Bank for collection only, and that the same was received by Stewart, Steele & Co. from the Haskell Bank for no other purpose, seems to be established by the affidavits.
*334 If tMs be so, Stewart, Steele & Co. were not authorized to sell, transfer or pledge the same to the defendants.
And if it be true, as is alleged in the complaint, that defendants received the note from Stewart, Steele & Co. in payment of a precedent debt, they cannot detain the same from-the plaintiff. A precedent debt is not a good consideration to uphold the transfer against the true owner.
In order that the application of a party to an action for the appointment of a receiver be granted, he should establish an apparent right to the property which is the subjeqt of the action, and that the property is in danger of being lost.
The plaintiff in her complaint and affidavit shows such apparent right.
The defendants deny that the note was taken .by them for a precedent debt. On the other hand, they aver that they took the same from Stewart, Steele & Co. without any knowledge of plaintiff’s claim, and in the usual course of business ;—that the note was taken by them as cash, was credited as cash to the parties from whom they received it, in their account with them, and that the whole amount was drawn from them by Stewart, Steele & Co. within a few days after the same was credited.
In disposing of an application for the appointment of a receiver, the ultimate right of the parties todhe property in dispute is not determined. The safety and presórvation of the property for the party justly entitled to the same are to be guarded and protected.
The plaintiff having shown by her affidavits and complaint an apparent right, if the property is in danger of - being lost, notwithstanding the defendants’ denial of the plaintiff’s right, and their assertion of their own claim, a receiver should be appointed (Code, § 244, subd. 1).
*335 The receiver is an officer of the court, and truly represents the interests of both parties, and the property in the end is to be awarded to the actual possession of the party whose right and title is finally established.
The plaintiff avers the insolvency of the defendants.
This is denied. But the defendants aver that they have suspended payment.
Such suspension by these defendants, private bankers, puts in jeopardy the safety of the property.
If the suspension continues, and there is nothing averred to the contrary but that it may, it is quite likely to lead to consequences injurious to the plaintiff’s rights, in the event that it be adjudged that she is entitled to the note, for the specific recovery of which this action is brought.
Motion granted.